1    Tracy R. Williams, Bar No. 278429
     trwilliams@littler.com
2    Timothy M. Wojcik, Bar No. 272374
     twojcik@littler.com
3    LITTLER MENDELSON P.C.
     18565 Jamboree Road, Suite 800
4    Irvine, California  92612
     Telephone:   949.705.3000
5    Fax No.:     949.724.1201

6    Attorneys for Defendant
     PARAMEDICS LOGISTICS OPERATING
7    COMPANY, LLC;

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   SIMONE NETTLES, individually, and on       Case No.    3:21-CV-08895
     behalf of other aggrieved employees
12   pursuant to the California Private          **NOTICE TO FEDERAL COURT
     Attorneys General Act,                      OF REMOVAL OF CIVIL
13                                               ACTION FROM STATE COURT**
                    Plaintiff,
14                                               *[Filed concurrently with the
           v.                                    Declarations of Suzanne Fountain and
15                                               Tracy R. Williams; Corporate
     PARAMEDICS LOGISTICS                        Disclosure; Notice of Related Cases;
16   OPERATING COMPANY, LLC, an                  Civil Case Cover Sheet]*
     unknown business entity; and DOES 1
17   through 100, inclusive,

18                  Defendants.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
  18565 Jamboree Road        4876-3059-5587.2 / 106391-1005
       Suite 800
    Irvine, CA  92612
    949.705.3000

                                      1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF SIMONE NETTLES, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant PARAMEDICS LOGISTICS OPERATING COMPANY, LLC ("Defendant") hereby removes the above-entitled action, Case No. RG21113284, from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1331, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1331 ("Section 1331") based upon the existence of a federal question.

Defendant makes the following allegations in support of its Notice of Removal:

## STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction under Section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action that presents a federal question pursuant to 29 U.S.C. § 185, the Labor Management Relations Act ("LMRA").  As set forth below, this case meets all of Section 1331's requirements for removal and is timely and properly removed by the filing of this Notice.

2.      Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

## PLEADINGS, PROCESS, AND ORDERS

2.      On September 20, 2021, Plaintiff Simone Nettles filed a Complaint in the Superior Court of the State of California, County of Alameda, styled *Simon Nettles, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; Plaintiff vs. Paramedics Logistics Operating Company, LLC, an unknown business entity;  and DOES 1 through 100; Defendants*, bearing Case No. RG21108566 (the "Complaint"). The Complaint alleges a claim for enforcement under the California Private Attorneys General Act ("PAGA"), California Labor Code

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4876-3059-5587.2 / 106391-1005

2

section 2698 *et seq.*, and purports to be on behalf of Plaintiff and other "aggrieved current and former hourly-paid, non-exempt employees who worked for any of the Defendants in the State of California." (Compl. ¶ 19.) The Complaint and PAGA claim therein is based on the following alleged violations of the California Labor Code: (1) Violation of California Labor Code §§ 510 and 1198 (Failure to Provide Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Failure to Provide Meal Periods); (3) Violation of California Labor Code § 226.7 (Failure to Provide Rest Periods); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Failure to Pay Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Failure to Timely Pay Wages Upon Termination); (6) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment); (7) Violation of California Labor Code § 226(a) (Failure to Provide Complete and Accurate Wage Statements); (8) Violation of California Labor Code § 1174(d) (Failure to Keep Complete and Accurate Payroll Records); (9) Violation of California Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business-Related Expenses and Costs).

3.    Attached as **Exhibit A** to the Declaration of Tracy R. Williams ("Williams Decl.") is a copy of the Complaint referenced herein.

4.    Attached as **Exhibit B** to the Williams Decl. is a copy of the Answer to the Complaint filed by Defendant in Alameda Superior Court on November 16, 2021.

5.    Exhibits A and B to the Williams Declaration constitutes copies of all pleadings, process, and orders and orders served on or filed by Defendant in the action pursuant to 28 U.S.C. section 1446(a).

## TIMELINESS OF REMOVAL

6.    On October 18, 2021, Plaintiff caused the Complaint to be served on Defendant. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the Complaint.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-3059-5587.2 / 106391-1005

3

## FEDERAL QUESTION JURISDICTION

7.    A state-court action may be removed to federal court if it qualifies as a civil action of which the district courts of the United States have original jurisdiction unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a).  28 U.S.C. 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.    Plaintiff's claim requires interpretation of a collective bargaining agreement ("CBA") and thus is completely preempted by federal law under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Section 301 of the LMRA provides "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

9.    Further, all state law claims raised by a union-represented employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4876-3059-5587.2 / 106391-1005

4

10.    Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)).

### A.    Plaintiff's Employment Was Governed by A Valid CBA That Provided for Premium Wages for all Overtime Hours and a Regular Hourly Pay Rate of Not Less Than 30% of Minimum Wage.

11.    On or around June 16, 2016, Paramedics Plus, L.L.C. entered into a collectively bargained labor agreement ("2016 CBA") with NAGE EMS Local Union No. 510 (the "Union").  The 2016 CBA expressly provided for the wages, hours and working conditions for all hourly paid employees of Paramedics Plus who worked in California in one of the following job classifications: Emergency Medical Technicians ("EMTs"), Advanced EMTs, EMT-Paramedics, Assistant Supervisors, Customer Service Representatives, Couriers, Vehicle Supply Technicians, Logistics Coordinators and Schedulers.  (Declaration of Suzanne Fountain ("Fountain Decl.") ¶¶ 6-7, Ex. 1, 2016 CBA.)

12.    The 2016 CBA provides for premium wage rates for all overtime hours worked.  (Fountain Decl., Ex. 1, 2016 CBA, Article 15.3.)

13.    The 2016 CBA provides for a regular hourly rate of pay of not less than 30 percent more that the state minimum wage.  This is demonstrated in the following table:

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4876-3059-5587.2 / 106391-1005

5

| Effective Date | California Minimum Wage by Year (Employers with 26 or More Employees) | Minimum Hourly Wage Required to Exceed Applicable State Minimum Wage by 30% | Lowest Hourly Rate Provided for in 2016 CBA |
|---|---|---|---|
| Jan. 1, 2017 | $10.50 | $13.65 | $15.77 |
| Jan. 1, 2018 | $11.00 | $14.30 | $16.08 |
| Jan. 1, 2019 | $12.00 | $15.60 | $16.49 |

Cal. Lab. Code § 1182.12(b)(1); (Fountain Decl., Ex. 1, 2016 CBA, Article 15.1 (Wage Scales) and Addendum "C".)

14.    On or around March 29, 2018, Defendant purchased all assets of Paramedics Plus.  (Fountain Decl. ¶ 7.)  As part of the 2018 asset purchase, Paramedics Plus assigned all rights under the 2016 CBA to Defendant and its wholly owned subsidiary, Paramedics Logistics California, LLC ("PLC"), and Defendant and PLC assumed and recognized the 2016 CBA.   (Fountain Decl. ¶ 7.)

15.    PLC employed Plaintiff as Logistics Coordinator from approximately November 26, 2018 through June 30, 2019.  At all times throughout her employment with PLC, Plaintiff was a member of the Union and her wages, hours and working conditions were governed by the 2016 CBA.  (Fountain Decl. ¶ 10.)

16.    The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

17.    Based on the allegations in the Complaint, Defendant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

18.    Sections 1.1 of the 2016 CBA provides that the Union is the exclusive bargaining representative of the EMTs and Logistics Coordinators, among others, covered by the CBA pursuant to its craft jurisdiction.  (Fountain Decl., Ex. 1, 2016 CBA, Secs. 1.1).  The 2016 CBA covers the employment conditions at issue in Plaintiff's Complaint, including hours of work, meal periods, rest periods, wage rates and payment, overtime, and business expenses. (Fountain Decl., Ex. 1, 2016 CBA, Articles 10, 15, 16.)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-3059-5587.2 / 106391-1005

6

1    **B.    Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA**
2    **in Her Complaint Does Not Preclude Removal**

3    19.    Plaintiff cannot "artfully plead" her complaint to conceal its true nature.
4    *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that
5    plaintiff's state law claim was preempted even though operative complaint made no
6    mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*,
7    702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas*
8    *v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

9    20.    Plaintiff's failure to reference to Section 301 does not preclude removal.
10   *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The
11   Court may properly look beyond the face of the Complaint to determine whether the
12   claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James*
13   *Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may
14   properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff
15   presents and to determine if it encompasses an action within federal jurisdiction."
16   *Schroeder*, 702 F.2d at 191.

17   21.    An artfully pled state law claim is properly "recharacterized" as a federal
18   claim under the "complete preemption" doctrine, which provides that the preemptive
19   force of Section 301 "converts an ordinary state law complaint into one stating a federal
20   claim for purposes of the well-pleaded complaint rule" and is removable to federal
21   court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v.*
22   *Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action
23   completely preempts a state cause of action, any complaint that comes within the scope
24   of the federal cause of action necessarily 'arises' under federal law.").

25   **C.    Resolving Plaintiff's Claims Requires Interpretation of the CBA**

26   22.    The alleged Labor Code violations underlying Plaintiff's PAGA claim are
27   "founded directly on rights created by collective bargaining agreements" and/or are
28   substantially dependent on an analysis and interpretation of a collective bargaining

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-3059-5587.2 / 106391-1005

7

1  agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also*
2  *Caterpillar Inc.*, 482 U.S. at 394.  **Indeed, Plaintiff's PAGA claim rests on multiple**
3  **discreet claims for alleged Labor Code violations that require interpretation of the**
4  **CBA. See** ***Blackwell v. Com. Refrigeration Specialists, Inc.***, **2021 WL 2634501, at \*4**
5  **(E.D. Cal. June 25, 2021) (denying Plaintiff's motion to remand and finding that**
6  **the LMRA preempted Plaintiff's artfully plead PAGA claim).** Thus, the Court must
7  interpret the 2016 CBA to analyze Plaintiff's Complaint.  The Court cannot simply look
8  to state law to resolve Plaintiff's artfully pled PAGA claim for breach of a CBA.

9      23.    The 2016 CBA contains specific language governing hours of work, meal
10 periods, rest periods, wage rates and payment, overtime, and business expenses.
11 (Fountain Decl., Ex. 1, 2016 CBA, Articles 10, 13, and 15.)  The CBA also provides
12 for a grievance process and arbitration to resolve any disputes arising under the CBA.
13 (Fountain Decl., Ex. 1, 2016 CBA, Article 6.)  Resolving Plaintiff's Complaint will
14 require the Court to interpret each of these provisions in the applicable CBA.

15     24.    As an example, Plaintiff's claim based on Defendant's alleged failure to
16 pay overtime wages under Labor Code section 510 is preempted by Section 301 of the
17 LMRA because the claim requires the Court to analyze and interpret the CBA's
18 overtime provisions. Cal. Lab. Code § 510 ("Any work in excess of 8 hours in one
19 workday . . . shall be compensated at the rate of no less than one and one-half times the
20 regular rate of pay for an employee."); *but see* Cal. Lab. Code § 514 ("Sections 510 and
21 511 do not apply to an employee covered by a valid collective bargaining agreement if
22 the agreement expressly provides for wages, hours of work, and working conditions of
23 the employees, and if the agreement provides premium wages for all overtime hours
24 worked and a regular hourly rate of pay for those employees of not less than 30% more
25 than the state minimum wage.")*; see also, Curtis*, 913 F.3d 1146, 1155 (9th Cir. 2019)
26 ("By its terms, therefore, the default definition of overtime and overtime rates in section
27 510 does not apply to an employee who is subject to a qualifying CBA.  If Curtis's
28 CBAs in this case meet the requirements of section 514, Curtis's right to overtime

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4876-3059-5587.2 / 106391-1005

8

1    'exists solely as a result of the CBA,' and therefore is preempted under § 301"); *see*

2    *also Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 110 (2014) (finding the

3    CBA at issue fell squarely within Labor Code § 514's terms, and "[n]othing in section

4    514 require[d]" the employer to look to the definition of overtime in section 510.").

5        25.    Plaintiff's PAGA claim is therefore a claim for an alleged violation of the

6    CBA. Thus, the Court must interpret the 2016 CBA's grievance provision. (*See*

7    (Fountain Decl., Ex. 1, 2016 CBA, Article 6.) Specifically, the Court must determine

8    whether Plaintiff was first required to exhaust the grievance procedures, whether she

9    did in fact exhaust those procedures, and whether she agreed to arbitrate all or some of

10   her claims. Each of these questions is reserved for federal courts pursuant to the LMRA;

11   indeed, Section 301 preemption aims to promote extra-judicial dispute resolution

12   pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152

13   (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes"

14   and that "grievance and arbitration procedures provide certain procedural benefits,

15   including a more prompt and orderly settlement of CBA disputes than that offered by

16   the ordinary judicial process.") (internal citation omitted).

17       26.    Here, the CBA "sets forth the parties' agreement understanding." (*See*

18   (Fountain Decl., Ex. 1, 2016 CBA, Article 24, § 24.3.) Moreover, Article 6 states

19   specifically: "In the event that any grievance arises concerning the interpretation or

20   application of any of the terms of this Agreement and/or any dispute concerning wages,

21   benefits, and working conditions, such matters shall be adjusted according to the

22   procedures and conditions set forth below [in Article 6]." (*Id.*, Article 6.) Accordingly,

23   an alleged violation of the CBA is subject to the grievance procedure, which serves the

24   underlying purposes of the LMRA. Thus, no part of Plaintiff's claim may be resolved

25   without interpreting provisions of the CBA.

26       27.    Plaintiff's PAGA claim, and the alleged Labor Code violations upon which

27   it is based, are substantially dependent upon the interpretation of the 2016 CBA's terms

28   and provisions. In fact, the 2016 CBA's terms and provisions govern all of the conduct

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-3059-5587.2 / 106391-1005

9

that forms the basis for Plaintiff's Complaint and are thus essential to the resolution of Plaintiff's claims. Plaintiff has thus alleged LMRA claims and, for that reason, the Complaint is removable under federal question jurisdiction.

28.    To the extent there are certain underlying alleged Labor Code violations that do not arise under Section 301 of the LMRA, the Court has supplemental jurisdiction over those alleged violations under 28 U.S.C. § 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Blackwell v. Com. Refrigeration Specialists, Inc*., 2021 WL 2634501, at *4 (E.D. Cal. June 25, 2021) (exercising supplemental jurisdiction over discreet claims underlying Plaintiff's single PAGA cause of action); *See, e.g., Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, at *17 (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus, this is action is removable in its entirety.

## NOTICE TO STATE COURT AND PLAINTIFF

29.    Concurrently with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Lawyers for Justice, PC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-3059-5587.2 / 106391-1005

10

1

2    Dated:    November 17, 2021                    LITTLER MENDELSON P.C.

3

4                                                  */s/ Tracy R. Williams*
                                                   Tracy R. Williams
5                                                  Timothy M. Wojcik

6                                                  Attorneys for Defendants
                                                   PARAMEDICS LOGISTICS
7                                                  OPERATING COMPANY, LLC;

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-3059-5587.2 / 106391-1005

11