IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMONE NETTLES,<br><br>   Plaintiff,<br><br>   v.<br><br>PARAMEDICS LOGISTICS OPERATING COMPANY, LLC,<br><br>   Defendant. | Case No. 21-cv-08895-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

    Before the Court is plaintiff Simone Nettles's ("Nettles") Motion to Remand, filed December 17, 2021. Defendant Paramedics Logistics Operating Company, LLC ("Paramedics") has filed opposition, to which Nettles has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the partis' respective written submissions, VACATES the hearing scheduled for January 21, 2022, and rules as follows:

    1. Contrary to Nettles's argument, the Court, for the reasons stated by Paramedics, finds Nettles's overtime claim is completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, see Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1153-54 (9th Cir. 2019) (holding overtime claims preempted by LMRA where employee is "subject to . . . CBA [collective bargaining agreement]" that "meet[s] the requirements of section 514" of the California Labor Code); see also Nettles v. Paramedics Logistics Operating Co., LLC, Doc. No. 25, Case No. 4:21-cv-08401-YGR, at 11:1-14:4 (N.D. Cal. Jan. 3, 2022) (finding Nettles's overtime claim preempted by

LMRA; noting Nettles "does not seriously dispute that the CBA [governing her employment] fulfills the requirements of section 514" (internal quotation and citation omitted)),[1] and, consequently, the Court has original jurisdiction over said claim," see Curtis, 913 F.3d at 1152 (noting "a civil complaint raising claims preempted by [section] 301 raises a federal question that can be removed to a federal court").

Although Nettles contends "the state of California" is "the real party in interest in a PAGA suit," (see Reply at 13:15-18), the "distinction between bringing [a] PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption," see Martinez v. Omni Hotel Mgmt. Corp., 514 F. Supp. 3d 1227, 1234 (S.D. Cal. 2021); see also Radcliff v. San Diego Gas & Elec. Co., 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021) (rejecting argument that "PAGA claims cannot be preempted under [section] 301 of the LMRA because they are brought in a representative capacity"), and, contrary to Nettles's argument that her overtime claim is not preempted because it is one of several claims brought under a single PAGA cause of action, numerous courts have held that, "if there are multiple claims underlying [a] sole PAGA claim, . . . courts consider the preemption issue for each claim separately," see Jimenez v. Young's Market Co., LLC, Case No. 21-cv-02410-EMC, 2021 WL 5999082, at *7 (N.D. Cal. Dec. 20, 2021); see also, e.g., Blackwell v. Com. Refrigeration Specialists, Inc., Case No. 2:20-cv-01968-KJM-CKD, 2021 WL 2634501, at *4 (E.D. Cal. June 25, 2021) (noting courts typically apply "preemption analysis to each discreet claim"); Martinez, 514 F. Supp. 3d at 1235 (noting courts "look[] through the PAGA claim to assess the underlying Labor Code claims").

2. Contrary to Nettles's argument, the Court, for the reasons stated by Paramedics, finds Nettles's remaining claims share a "common nucleus of operative fact"

---

[1] The Court hereby GRANTS Paramedics's request that the Court take judicial notice of the CBA governing Nettles's employment. (See Def.'s Req. for Judicial Notice Ex. 1); see also Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998) (noting courts "may look beyond the face of the complaint" to determine whether removal "based on complete preemption" is proper).

with her overtime claim, see Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004); see also Nettles, Doc. No. 25, Case No. 4:21-cv-08401-YGR, at 14:17-15:4 (finding Nettles's remaining claims "concern the same working conditions and relationship during the same period as [her] overtime claim"), and, consequently, the Court will exercise supplemental jurisdiction over her remaining claims, see Jimenez, 2021 WL 5999082, at *7 (noting, if only "some claims are completely preempted . . . within a sole PAGA claim, courts may find supplemental jurisdiction in the non-preempted claims if they arise out of a common nucleus of operative fact" (internal quotation and citation omitted)).

## CONCLUSION

For the reasons stated above, Nettles's motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 14, 2022

MAXINE M. CHESNEY
United States District Judge